1

2                        UNITED STATES DISTRICT COURT

3                      NORTHERN DISTRICT OF CALIFORNIA

4

5    NAACP OF SAN JOSE/ SILICON
     VALLEY, et al.,                           Case No. 21-cv-01705-PJH
6
                    Plaintiffs,
7
           v.                                  **ORDER RE DISCOVERY LETTER
8                                              BRIEF**
     CITY OF SAN JOSE, et al.,
9                                              Re: Dkt. No. 56
                    Defendants.
10

11

12          Before the court is the parties' joint letter re defendant's responses to plaintiffs'

13   written discovery.  See Dkt. 56.  The parties raise six disputes for the court's resolution.

14   The court addresses each one in turn.

15          Dispute 1:  The parties dispute whether defendant is obligated to produce

16   metadata and "audit logs" associated with police body-worn camera videos.  Plaintiffs

17   have requested all metadata, which includes geolocation information for the videos,

18   which plaintiffs argue "will allow [them] to narrow down relevant videos."  Dkt. 56 at 1.

19   Plaintiffs also argue that the metadata includes information on whether a video was

20   edited, which is commonly used in criminal cases to provide "digital proof that the footage

21   had not been altered."  Id.

22          Defendant argues that it "has already disclosed the relevant metadata for each

23   video: the officer name, the date of the video, and the start time of the video."  Dkt. 56 at

24   2.  Defendant further argues that geolocation information is "readily apparent from the

25   content of each video," and also that "any cutting, redacting, or muting of sound would be

26   apparent upon viewing the video."  Id.

27          The court disagrees with defendant that such information would be apparent solely

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    from viewing each video.  The court further disagrees with defendant's argument that it

2    "has already disclosed the relevant metadata" by producing only the "officer name, the

3    date of the video, and the start time of the video."  In particular, the geolocation

4    information would be directly relevant to identifying which individual police officers were

5    involved in the incidents alleged in the complaint.  As to dispute 1, plaintiffs' request is

6    thus GRANTED.  To the extent that defendant argues that the metadata contains

7    privileged information, such information can be protected through redaction.  The court

8    further notes that any discovery produced in this case is protected by a stipulated

9    protective order between the parties.  See Dkt. 46.

10        Dispute 2:  The parties dispute the end date for defendant's production of

11   documents and service of amended responses.  Plaintiffs argue that it served written

12   discovery in October 2021, and that defendant has "yet to complete its production, or

13   even commit to a date upon which it will do so," which prevents plaintiffs from being able

14   to review the full universe of documents to prepare for depositions.  Dkt. 56 at 2.

15        Defendant argues that, at the time of its discovery responses, "it did not yet know

16   the volume of responsive documents," and that "providing a production end date is

17   difficult under these circumstances."  Dkt. 56 at 3.  Defendant argues that it "will do its

18   best to complete its production by April 30, 2022."  Id.

19        Because the parties appear to agree that defendant will attempt to complete its

20   production of documents by April 30, 2022, plaintiffs' request is DENIED as moot on that

21   basis.  Defendant does not make a similar representation regarding any amendment to

22   its written discovery responses, and the court simply reminds the parties of their

23   obligations to supplement discovery responses in a timely manner under Federal Rule of

24   Civil Procedure 26(e).

25        Dispute 3:  The parties dispute whether defendant has complied with its obligation

26   to state whether any responsive materials are being withheld, giving enough information

27   to allow the dispute to be adjudicated.

28        Plaintiffs argue that defendant does not sufficiently indicate the nature of any

1  documents being withheld.  See Dkt. 56 at 3.  Defendant argues that it has stated "which

2  categories of documents it would produce" and indicated where it "disagreed with the

3  scope of the requests," which provides "enough information to discern what documents

4  [it] would withhold."  Id. at 4.

5          The court agrees with defendant that its objections provide enough information for

6  plaintiffs to have an informed discussion of the objections.  Plaintiffs' request is thus

7  DENIED as to dispute 3.

8          Dispute 4:  The parties dispute whether defendant is required to respond to

9  contention interrogatories at this time.

10          Plaintiffs argue that defendant's responses will "contribute meaningfully to

11  clarifying the issues in the case, narrowing the scope of the dispute, or setting up early

12  settlement discussions, or that such answers are likely to expose a substantial basis for a

13  motion under Rule 11 or Rule 56."  See In re Convergent Tech. Securities Litig., 108

14  F.R.D. 328, 338-39 (N.D. Cal. 1985).  Plaintiffs thus ask the court to order defendant to

15  provide substantive responses by April 30, 2022.

16          Defendant argues that contention interrogatories are "disfavored" before

17  substantial discovery has been completed.

18          Courts in this district have imposed a "burden of justification" on parties seeking

19  answers to contention interrogatories before substantial discovery, requiring those parties

20  to do make more than vague statements regarding the utility of contention interrogatory

21  responses.  See, e.g., Campbell v. Facebook Inc., 2015 WL 3533221 at *4 (N.D. Cal.

22  June 3, 2015).  In the joint letter, plaintiffs cite only boilerplate statements regarding the

23  value of contention interrogatory responses at this time.  See Dkt. 56 at 4.  Plaintiffs'

24  request as to dispute 4 is thus DENIED without prejudice.

25          Dispute 5:  The parties dispute whether defendant is required to respond to

26  plaintiffs' interrogatories seeking identities of persons and documents supporting its

27  affirmative defenses.

28          Plaintiffs argue that "defendant's position appears to be that its obligation is only to

United States District Court
Northern District of California

United States District Court
Northern District of California

1   respond to these [interrogatories] before the close of fact discovery."  Dkt. 56 at 5.

2        Defendant argues that responding to these interrogatories "will be a time-

3   consuming and unduly burdensome task at this point in the case."  Dkt. 56 at 5.

4   Defendant further argues that it must review the body-worn camera footage and take

5   depositions before providing a meaningful response.  Id.

6        The court notes that defendant provides no timeline for responding to plaintiffs'

7   interrogatories.  While the court agrees that subsequent discovery may create the need

8   for defendant to amend or supplement its discovery responses, defendant is still

9   obligated to provide responses to the best of its current knowledge.  Accordingly,

10  plaintiffs' request is GRANTED as to dispute 5.  Defendant must provide responses to

11  plaintiffs' interrogatories 23-24 by May 31, 2022.

12       Dispute 6:  The parties dispute whether defendant is required to produce all

13  documents it provided to an outside vendor to create annual analyses of defendant's use

14  of force for the past five years.

15       Plaintiffs argue that the requested material is relevant to their Monell and injunctive

16  relief claims which allege a pattern and practice of excessive force and failure to

17  train/discipline.  Dkt. 56 at 5.

18       Defendant argues that it would be unduly burdensome and time-consuming to

19  collect and produce the documents, and that they are not relevant to plaintiffs' claims for

20  injunctive relief.  Dkt. 56 at 5-6.

21       The court agrees with plaintiffs that the requested documents are non-privileged

22  and relevant to plaintiffs' Monell and injunctive relief claims, and thus GRANTS plaintiffs'

23  request as to dispute 6.  The parties are directed to meet and confer regarding a

24  production date for this category of documents.

25       **IT IS SO ORDERED.**

26  Dated:  April 1, 2022

27                                       /s/ *Phyllis J. Hamilton*
                                  PHYLLIS J. HAMILTON

28                                    United States District Judge