UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAACP OF SAN JOSE/ SILICON VALLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01705-PJH<br><br>**ORDER RE MOTION TO AMEND COMPLAINT AND DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. No. 70, 76, 79 |

Plaintiffs' motion to amend the complaint came on for hearing on November 10, 2022. Plaintiffs appeared through their counsel, Rachel Lederman. Defendants appeared through their counsel, James Huang and Ardell Johnson. Having read the papers filed by the parties and carefully considered their arguments and relevant authority, and good cause appearing, the court hereby rules as follows.

## BACKGROUND

This is a civil rights case arising out of the May 2020 protests in response to the killing of George Floyd by police. The original complaint in this case asserted claims against the City of San Jose and nine individual defendants, which included members of the San Jose Police Department. The complaint also named as defendants 100 fictitious Doe defendants, which included police officers who were alleged to have used force against plaintiffs but who could not be identified, as well as Doe defendants who supervised the officers. See, e.g., Dkt. 3, ¶¶ 39, 65, 104.

Plaintiffs now move to amend the complaint to substitute certain Doe defendants, arguing that the allegations against those defendants relate back to the filing of the original complaint.

Defendants challenge five categories of additions: (1) "'directing' Doe officers

allegations against Asuelo," (2) "'false identification' allegations against Bird[1], Weber, and Erbes," (3) "blanket 'supervisory'-type First Amendment suppression allegations against Knopf, Matchett, Lagorio, Lynch, and Erbes," (4) "'failure to intervene' allegations against Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin," and (5) "the single factually devoid and conclusory sentence against defendant Preuss."  See Dkt. 72 at 8-13.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Rule 15(c) further provides that "[a]n amendment to a pleading relates back to the date of the original pleading when," among other requirements, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c).

The Ninth Circuit has held that federal courts must "consider both federal and state law and employ whichever affords the 'more permissive' relation back standard."  Butler v. Nat'l Community Renaissance of California, 766 F.3d 1191, 1201 (9th Cir. 2014).  California Code of Civil Procedure section 474 specifically covers situations "[w]hen the plaintiff is ignorant of the name of a defendant" and must designate the defendant by a fictitious name until "his true name is discovered," at which time "the pleading or proceeding must be amended accordingly."  Cal. C.C.P. § 474.

California courts have held that "the relation-back doctrine can save an amended complaint that identifies a fictitiously-named defendant and asserts a cause of action against that defendant only if: (1) the amended complaint is based on the same general state of facts as the original; (2) the original complaint stated a valid cause of action

---

[1] Plaintiffs concede that Bird was "incorrectly named" and that he should be removed from the complaint.  See Dkt. 73 at 7.  Plaintiffs also acknowledge that Jacob Morris and Fnu ("first name unknown") Roude were named in error.  See id.

2

against the now-identified defendant; and (3) the plaintiff was "genuinely ignorant" of the defendant's identity or the facts rendering defendant liable when the original complaint was filed." Eghtesad v. State Farm General Insurance Company, 51 Cal.App.5th 406, 415 (2020) (citing Austin v. Massachusetts Bonding & Insurance Co., 56 Cal.2d 596, 600-601 (1961)).

B.   Analysis

Before applying the relation-back doctrine to the current motion to amend, the court must set forth some of the relevant procedural background.  The original complaint in this case asserted sixteen causes of action against the City of San Jose, nine individual defendants, and the Doe defendants.  See Dkt. 3.  When defendants filed a motion to dismiss the complaint, the court issued an order in advance of the hearing, stating that "the complaint is unclear in stating which claims are being asserted by which plaintiffs against which defendants."  See Dkt. 35.  The court directed plaintiffs to file a chart specifically listing each plaintiff and each defendant for each cause of action, and further asked plaintiffs' counsel to clarify the scope of their claims at the hearing.  See Dkt. 37; Dkt. 44 at 23-25.

Despite the court's previous attempts to bring clarity as to the scope of the claims asserted, the original complaint still remains unclear as to exactly which claims were intended to be asserted against Doe defendants.  In particular, the court notes that only certain causes of action in the original complaint – such as the eighth cause of action for failure to intervene in violation of section 1983 – specifically listed Doe defendants as part of the group of defendants against whom the claim was asserted.  See Dkt. 3 at 62.  Other claims in the original complaint, such as the third cause of action for violation of First Amendment rights under section 1983 and the fourth cause of action for excessive force under section 1983, did not list any plaintiffs or defendants at all, let alone Doe defendants.  Because of the complaint's lack of clarity – which could have been avoided if plaintiffs had simply listed each plaintiff and each defendant, including Does, for each cause of action – the court must look more closely at the original complaint's allegations

3

to determine which claims were adequately asserted against Doe defendants, such that the proposed amendments would relate back.

Moreover, compounding the lack of clarity, plaintiffs' current proposed amended complaint repeats many of the same problems as the original complaint. In particular, many of the causes of action again do not set forth which plaintiffs are asserting the claim or against which defendants the claim is intended to be asserted. See, e.g., Dkt. 70-1 at 57 (third cause of action for violation of the First Amendment under section 1983, no plaintiffs or defendants listed in heading); 58 (fourth cause of action for excessive force, no plaintiffs or defendants listed); 60 (seventh cause of action for violation of the Americans with Disabilities Act, no plaintiffs or defendants listed in heading).

As a separate initial matter, the court also notes that plaintiffs submitted a proposed amended complaint along with their motion to amend, but then submitted a "corrected" proposed amended complaint along with their reply brief, purporting to add new allegations against defendant Preuss. Plaintiffs' attempt to add new allegations in their reply brief was improper and deprived defendants an opportunity to respond, and thus, the "corrected" proposed amended complaint (Dkt. 73-1) will be STRICKEN and will not be considered by the court on this motion. Instead, the court will consider only the proposed additions contained within the earlier-filed proposed amended complaint (Dkt. 70-1).

      1. <u>Category (1) – "'directing' allegations as to defendant Asuelo"</u>

The first category of additions challenged by defendants is the "'directing' Doe officers allegations against Asuelo." See Dkt. 72 at 9. Defendants argue that defendant Asuelo "is added as having 'directed' City of San Jose police officers who shoved Ms. Cartwright hard in the chest on May 29, shot her in the right knee, left calf, and finger on May 30, and wrongfully arrested her on May 31." Id. (quoting Dkt. 70-1, ¶ 20). Defendants argue that the Doe substitution does not relate back to the original complaint, which does not include any "directing" allegations and instead alleges only that officers shoved, shot, and wrongfully arrested Cartwright. See Dkt. 72 at 9 (citing Dkt. 3, ¶ 20).

The proposed amended complaint is not entirely clear in stating which causes of action are intended to be asserted against proposed defendant Asuelo. At minimum, the proposed amended complaint seeks to add Asuelo as a defendant to the fifth cause of action for wrongful arrest under federal law and the twelfth cause of action for false arrest under state law. See Dkt. 70-1 at 58, 65. However, as mentioned above, the proposed amended complaint does not list any specific defendants for claims such as the fourth cause of action for excessive force, making it unclear as to whether plaintiffs intend to assert that claim, or other claims with a similar lack of detail, against Asuelo. And as also mentioned above, the original complaint was unclear as to exactly which claims were asserted against Doe defendants. To determine whether the new allegations against Asuelo do indeed relate back to the original complaint, the court will need to compare the new proposed allegations to the allegations made against Doe defendants in the original complaint.

The proposed amended complaint alleges that Asuelo "participated in the police conduct complained of," including "directing multiple officers to shove plaintiff Shaunn Cartwright." Dkt. 70-1, ¶ 57. The proposed amended complaint further alleges that Asuelo "shot into the crowd and directed City of San Jose police officers who shoved [Cartwright] in the chest very forcefully." Id., ¶ 95.

As it relates to plaintiff Cartwright, the original complaint alleged that "Doe City of San Jose police officers shoved [her] in the chest on May 29, shot her in the right knee, left calf, and finger on May 30, and wrongfully arrested her on May 31." Dkt. 3, ¶ 20. The original complaint further alleged that "Cartwright observed City of San Jose police officers shooting impact munitions into the crowd of demonstrators" and "attempted to take photographs to document and discourage this police use of force, but City of San Jose police officer Fnu Delgado or a Doe City of San Jose police officer shoved her in the chest very forcefully." Id., ¶ 74. The original complaint also alleged that "a Doe City of San Jose police officer shot at her four times in quick succession with impact munitions." Id., ¶ 102.


Based on those allegations in the original complaint, the court concludes that the original complaint did indeed assert claims against Doe defendants for violation of the First Amendment and for excessive force, at least as to the injuries alleged by plaintiff Cartwright.

Having determined that the original complaint can be reasonably read to assert a First Amendment claim and excessive force claim against Doe defendants, the next question is whether the "Doe" allegations encompass Asuelo's alleged conduct of "directing" the officers who allegedly violated Cartwright's rights.

Plaintiffs point to the original complaint's allegation that "[t]he Doe defendants include other individuals who supervised and/or participated in the conduct complained of herein," and that the Doe defendants "proximately caused said incidents, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, [or] violation of constitutional and legal rights."  Dkt. 3, ¶ 39. Plaintiffs further argue that the original complaint alleged that "Doe defendants, and/or each of them, caused the violation of the plaintiffs' constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision, and/or discipline."  Id., ¶ 196.

Overall, despite the confusion created by the lack of specificity in plaintiffs' filings, the court concludes that plaintiffs' substitution of Asuelo for a Doe defendant is proper as to at least some causes of action; namely, the fifth and twelfth causes of action for wrongful/false arrest, the third cause of action for violation of the First Amendment, and the fourth cause of action for excessive force.  Applying the standard set forth in Eghtesad, (1) the amended complaint's allegations regarding plaintiff Cartwright and the officers who injured her are based on the same general state of facts as the original, (2) the original complaint stated valid causes of action for violation of the First Amendment, excessive force, and wrongful/false arrest against Doe defendants, including supervisory Doe defendants, and (3) plaintiffs were "genuinely ignorant" of Asuelo's identity or the facts rendering him liable when the original complaint was filed.  Accordingly, plaintiffs'

motion is GRANTED as to category (1), the "directing" allegations as to defendant Asuelo. Plaintiffs may add Asuelo as a defendant to the four causes of action specifically listed above, but not to any other causes of action.

   2. Category (2) – "'false identification' allegations as to defendants Weber and Erbes"

The second category of additions challenged by defendants is the "'false identification' allegations as to defendants Weber and Erbes." As mentioned above, defendants also challenged the addition of defendant Bird to this category of allegations, but plaintiffs conceded in their reply that Bird had been incorrectly named as a defendant.

Defendants argue that the original complaint alleged only that Doe officers shot and wrongfully arrested plaintiff Naemeh, while the proposed amended complaint further alleges that Weber "falsely identified Naemeh as threatening" and Erbes "approved of the false identification of Naemeh." Dkt. 72 at 10 (citing Dkt. 70-1, ¶ 26; Dkt. 3, ¶ 26). Defendants argue that, because the proposed amended complaint adds new factual allegations, the addition of Weber and Erbes does not relate back to the original complaint.

Plaintiffs argue that the original complaint alleged that "Doe City of San Jose police officers told Mr. Naemeh that he was the person responsible for throwing frozen water bottles and that they had caught this on video." Dkt. 3, ¶ 107. The original complaint further alleged that Naemeh denied throwing frozen water bottles, "but the Doe officers told him that he was going to jail for six months." Id. Plaintiffs argue that the wrongful arrest cause of action alleges that there was "no probable cause to support Naemeh's arrest," thus arguing that the proposed amendments do indeed relate back to the original complaint.

As a general matter, the court agrees with plaintiffs that the allegations regarding the "false identification" by Doe defendants do indeed relate back to the filing of the original complaint. The original complaint adequately alleged that Doe officers falsely identified Naemeh as throwing frozen water bottles and that the allegedly false

7

identification was used as a basis for arresting him. See Dkt. 3, ¶ 107. Moreover, the court notes that the original complaint did name Doe defendants as defendants in the heading of the fifth cause of action for wrongful arrest under federal law and the twelfth cause of action for false arrest under state law. See id. at 60, 70.

That said, the court notes that plaintiffs' proposed amended complaint includes a list of defendants against whom the federal and state causes of action for wrongful arrest are asserted, and while the lists include Erbes, they do not include Weber. See Dkt. 70-1 at 58 (count five for wrongful arrest under federal law), 65 (count twelve for false arrest under state law). Because the substance of the proposed amended complaint itself contains sufficient factual allegations against Weber, the court believes Weber's exclusion from the headings of these two causes of action to be an inadvertent error. Accordingly, because the court concludes that the original complaint adequately stated a cause of action for wrongful/false arrest of Naemeh against Doe defendants, and that the other requirements from Eghtesad are met, the court also concludes that the proposed amended complaint does properly add Erbes and Weber as defendants on the claims for wrongful arrest under federal law and false arrest under state law. Therefore, as to the category (2) additions, plaintiffs' motion to amend the complaint is GRANTED as to defendant Erbes and Weber, and DENIED as moot as to Bird.

In plaintiffs' reply brief, they for the first time request that Officer Brian Fee be substituted as a Doe defendant, arguing that his identity was "revealed in a deposition" just one day before the reply brief was filed. See Dkt. 73 at 8. As an initial matter, this request was improperly raised in a reply brief, which gave defendants no opportunity to respond. Moreover, plaintiffs provide no support for their argument that they could not have known of Officer Fee's identity any earlier, instead relying on bare attorney assertion that his identity was revealed only a day earlier. Accordingly, plaintiffs' attempt to substitute Brian Fee as a Doe defendant is DENIED.

### 3. Category (3) – "blanket 'supervisory'-type First Amendment suppression allegations against Knopf, Matchett, Lagorio, Lynch, and Erbes"

The third category of additions challenged by defendants is the "blanket 'supervisory'-type First Amendment suppression allegations against Knopf, Matchett, Lagorio, Lynch, and Erbes." Defendants argue that the proposed amended complaint alleges that those defendants committed the "previously unalleged acts" of "approving the use of chemical weapons and [projectile impact weapons] at the demonstrations." Dkt. 72 at 11 (citing Dkt. 70-1, ¶ 32). Defendants argue that, in the original complaint, no Doe defendants "were alleged in context of these allegations." Id. at 12.

Plaintiffs argue that the original complaint alleged that Doe defendants "caused the City of San Jose police officers' constitutional violations" by "approving the use of impact munitions, explosive grenades, and chemical weapons at the demonstrations." Dkt. 3, ¶ 193. The original complaint further alleges that the "Doe City officials caused the City of San Jose police officers' constitutional violations complained of herein by failing to" implement policy and training to "stop the officers from engaging in racial and religious profiling and harassment, use of excessive force, wrongful arrests, and deprivation of First Amendment rights." Id., ¶ 191.

Based on the above allegations from the original complaint, the court concludes that the original complaint did indeed assert supervisory-type First Amendment allegations against Doe defendants, including Doe supervisory defendants. Although the analysis would have been much clearer if the original complaint had specifically named Doe defendants as part of the third cause of action for violation of First Amendment rights, the court nonetheless concludes that the substitutions challenged in category (3) do relate back to the original complaint. Applying the standard set forth in Eghtesad, (1) the amended complaint's allegations regarding the approval of chemical and impact weapons are based on the same general state of facts as the original, (2) the original complaint stated a valid cause of action for violation of the First Amendment against Doe defendants, and (3) plaintiffs were "genuinely ignorant" of defendants' identity or the facts

rendering defendants liable when the original complaint was filed. Accordingly, plaintiffs' motion is GRANTED as to category (3), the supervisory-type First Amendment suppression allegations against Knopf, Matchett, Lagorio, Lynch, and Erbes.

4. Category (4) – "'failure to intervene' allegations against Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin"

The fourth category of additions challenged by defendants is the "'failure to intervene' allegations against Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin." Defendants argue that the original complaint directed 'failure to intervene' allegations towards only defendants Liccardo[2], Sykes, Garcia, Dwyer, Lopez, and Tassio, "but with no corresponding Doe placeholders." Dkt. 72 at 12-13.

Plaintiffs point to the heading of the eighth cause of action in the original complaint, which asserted a section 1983 claim for failure to intervene against "Sykes, Garcia, Dwyer, Yuen, Curry, Delgado, and Does." See Dkt. 3 at 62. Plaintiffs further point to the allegations that "Doe defendants include other individuals who supervised and/or participated in the conduct complained of herein," and that the Doe defendants "caused the violation of the plaintiffs' constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision, and/or discipline." See Dkt. 3, ¶ 39, 196.

Plaintiffs are correct that the original complaint's eighth cause of action does specifically list Doe defendants in the heading of the claim. See Dkt. 3 at 62. The court concludes that the original complaint did adequately assert a claim for failure to intervene

---

[2] The court notes that neither the original complaint nor the proposed amended complaint names Liccardo as a defendant on the 'failure to intervene' claim, and further notes that the original complaint did not name Tassio as a defendant. See Dkt. 3 at 62; Dkt. 70-1 at 59. To the extent that the proposed amended complaint seeks to name as defendants "all defendants except Liccardo," that attempt is rejected. The original complaint named as defendants only Sykes, Garcia, Dwyer, Yuen, Curry, Delgado, and the Doe defendants. See Dkt. 3 at 62. Thus, the only defendants who may be named on the 'failure to intervene' claim are those from the original complaint (Sykes, Garcia, Dwyer, Yuen, Curry, Delgado) and the Doe substitutions made as part of this motion (Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin). No other defendants may be added to this claim.

against Doe defendants, and thus, the proposed substitutions do relate back to the original complaint.  Applying the standard set forth in Eghtesad, (1) the amended complaint's allegations regarding any failure to intervene are based on the same general state of facts as the original, (2) the original complaint stated valid causes of action for failure to intervene against Doe defendants, and (3) plaintiffs were "genuinely ignorant" of defendants' identity or the facts rendering defendants liable when the original complaint was filed.  Accordingly, plaintiffs' motion is GRANTED as to category (4), the 'failure to intervene' allegations against Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin.

     5.   Category (5) – addition of defendant Preuss

The fifth category of additions challenged by defendants is "the single factually devoid and conclusory sentence against defendant Preuss."  Defendants argue that the proposed amended complaint alleges only that Preuss "participated in the police conduct complained of," without any further detail.  Dkt. 72 at 13.

Plaintiffs state in their reply that they "inadvertently omitted the substantive allegations against defendant Preuss," and as mentioned above, plaintiffs submitted a purported 'corrected' proposed amended complaint along with their reply.  See Dkt. 73 at 6; Dkt. 73-1.  As discussed above, plaintiffs' late-filed proposed complaint was improper and denied defendants a chance to meaningfully respond, and is thus stricken and will be disregarded.  Therefore, based only on the allegations in the timely-filed proposed amended complaint (Dkt. 70-1), the court agrees with defendants that there are no substantive allegations against Preuss, and therefore, no relation back is possible.  Accordingly, plaintiffs' motion is DENIED as to category (5), the addition of Preuss as a defendant.

Thus, plaintiffs' motion to amend the complaint (Dkt. 70) is GRANTED in part and DENIED in part.  Specifically:

    (1) as to the category (1) allegations regarding defendant Asuelo, the motion is GRANTED, and Asuelo may be substituted as a Doe defendant only for the third cause of action for violation of First Amendment rights, fourth cause of

action for excessive force, and the fifth/twelfth causes of action for wrongful/false arrest under federal and state law;

(2) as to the category (2) allegations, the motion is GRANTED as to defendant Erbes and Weber and DENIED as moot as to defendant Bird, and defendants Erbes and Weber may be substituted as Doe defendants for the fifth/twelfth causes of action for wrongful/false arrest under federal and state law;

(3) as to the category (3) allegations regarding defendants Knopf, Matchett, Lagorio, Lynch, and Erbes, the motion is GRANTED, and Knopf, Matchett, Lagorio, Lynch, and Erbes may be substituted as Doe defendants for the third cause of action for violation of First Amendment rights;

(4) as to the category (4) allegations regarding defendants Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin, the motion is GRANTED, and Simonini, Gaona, Adgar, Moran, Nguyen, and Grodin may be substituted as Doe defendants for the sixth cause of action for failure to intervene; and

(5) as to the category (5) allegations regarding Preuss, the motion is DENIED.

Plaintiffs are directed to file a revised proposed amended complaint incorporating the court's rulings. The revised proposed amended complaint shall, for each cause of action, clearly set forth the name of each plaintiff asserting the claim, and the name of each defendant against whom the claim is asserted. And as mentioned above, other than the Doe substitutions that were expressly approved in this order or unchallenged by defendants, no new plaintiffs or defendants may be added to any claim. The revised proposed amended complaint shall also remove the defendants who plaintiffs acknowledge were incorrectly named, namely Bird, Morris, and Rouede. To the extent that the court offered to review the issue of plaintiffs' attempt to add Officers Fee and Preuss again after a meet and confer, the court has changed its mind. Finally, the revised proposed amended complaint may no longer include Doe defendants, and all as-yet-unnamed Doe defendants are DISMISSED from the case. Plaintiffs are directed to file their proposed amended complaint no later than **December 22, 2022**.

Discovery letter briefs (Dkt. 76, 79)

Also before the court is the parties' joint discovery letter brief regarding plaintiffs'

interrogatory responses. As stated at the hearing, plaintiffs' objections to the interrogatories are OVERRULED. While plaintiffs are correct that an interrogatory seeking the factual basis for request-for-admission denials is properly treated as a compound interrogatory, plaintiffs' argument ignores the fact that each defendant may serve their own interrogatories, and to the extent that any one defendant exceeded their limit, courts have been willing to deem any excess interrogatories as coming from the other defendants. See, e.g., Trevino v. ACB American, 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("the court will treat the first 25 interrogatories as served by" the first plaintiff, and the remaining interrogatories were "treated as served" by another plaintiff); see also Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory"); Chapman v. California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. Feb. 6, 2002) ("If the interrogatory relates to distinct and separate requests for admission, the interrogatories should be treated as the same number of subparts as there are requests for admission.")

Accordingly, given the number of defendants in this case, the court finds no basis for concluding that the number of interrogatories is excessive. For that reason, plaintiffs' objection to compound interrogatories reflected in the parties' October 27 discovery letter brief (Dkt. 76) is OVERRULED.

There is a second discovery letter brief before the court (Dkt. 79), filed on November 21. In the letter, plaintiffs seek leave to take a deposition despite the close of fact discovery having already occurred on November 14. Plaintiffs' request is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend the complaint is GRANTED in part and DENIED in part, plaintiffs' objections to compound interrogatories reflected in the October 27 joint discovery letter brief (Dkt. 76) are OVERRULED, and plaintiffs' request to take a deposition after the close of discovery reflected in the November 21

discovery letter brief (Dkt. 79) is DENIED.

Plaintiffs are directed to file a revised proposed amended complaint in accordance with this order – specifically listing each plaintiff and each defendant named on each cause of action – no later than **December 22, 2022**.

**IT IS SO ORDERED.**

Dated:  December 6, 2022

/s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge