United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAACP OF SAN JOSE/ SILICON VALLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 21-cv-01705-PJH<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 97 |

       The parties in the above-captioned case have filed a "stipulated motion to file document under seal." See Dkt. 97. Attached to the motion to seal is a discovery letter brief outlining a dispute between the parties. See Dkt. 97-3. It appears that the parties seek to file the entire discovery letter brief under seal, rather than "avoid[ing] wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)" as directed by Civil Local Rule 79-5(a). The court notes that, while the motion to seal states that the parties "seek leave to file the unredacted letter under seal," there was no redacted version filed. See Dkt. 97 at 2.

       Having reviewed the discovery letter brief and other attachments filed with the motion to seal, the court concludes that the parties' motion to seal must be DENIED. As to the discovery letter brief itself, it does not contain the type of private medical/mental health information that would warrant a sealing order. As to the other exhibits, the court similarly concludes that most of the information is the typical type of damages-related information that would need to be presented in open court at a trial, and thus, not sealable; however, there is one exception: the parties attach a vocational rehabilitation

evaluation from plaintiffs' expert (Dkt. 97-8) containing a paragraph that begins with the word "medically," with the remainder being redacted.  See Dkt. 97-8 at 7.  Although, without reviewing the unredacted version, the court cannot evaluate whether the redacted information is sealable, the introductory term "medically" suggests that it may qualify for sealing as private medical information.  Accordingly, if any party wishes the court to review the redacted medical information, it may file a revised motion to seal; but in all other respects, the motion to seal is DENIED, and the parties are directed to file the discovery letter brief and exhibits on the public docket, no later than **February 2, 2023**.

**IT IS SO ORDERED.**

Dated:  January 30, 2023

      /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge