UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NAACP OF SAN JOSE/ SILICON
VALLEY, et al.,

        Plaintiffs,

    v.

CITY OF SAN JOSE, et al.,

        Defendants.

Case No.  21-cv-01705-PJH

**ORDER DENYING MOTION FOR
RECONSIDERATION**

Re: Dkt. No. 120

After obtaining leave of court, plaintiffs have filed a motion for reconsideration of the court's discovery order precluding the future wage loss damages claim of plaintiff Michael Acosta.  The court previously ruled that plaintiffs had waited until after the close of discovery to reveal that Acosta would be pursuing damages based on lost future income, and that the untimeliness of the disclosure merited exclusion of that category of damages.  See Dkt. 113 at 11-12.

Plaintiffs now argue that Acosta "disclosed the potential claim for future wage loss in his timely discovery responses and deposition testimony."  See Dkt. 120 at 3 (emphasis in original) (citing Dkt. 102-1 through 102-4).  Specifically, the documents cited by plaintiffs are: (1) initial disclosures setting forth Acosta's damages as "at least five million for physical pain and suffering, at least five million for emotional pain and suffering, and at least one million in constitutional damages" (Dkt. 102-1); (2) supplemental disclosures attaching Acosta's medical records (Dkt. 102-2 and 102-3); and (3) responses to requests for production seeking, among other things, "[a]ny and all documents to support [Acosta's] claim for any loss of income in the future," to which

United States District Court
Northern District of California

1    plaintiff responded that he "has no responsive documents at this time; investigation and

2    treatment are continuing and plaintiff may supplement this response" (Dkt. 102-4).

3         Federal Rule of Civil Procedure 26 requires parties to provide "a <u>computation</u> of

4    each category of damages claimed by the disclosing party" and to "supplement or correct

5    its disclosure or response . . . in a timely manner if the party learns that in some material

6    respect the disclosure or response is incomplete or incorrect, and if the additional or

7    corrective information has not otherwise been made known to the other parties during the

8    discovery process or in writing."  <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added);

9    Rule 26(e)(1)(A).  Even if plaintiffs arguably kept open a "placeholder" for a <u>potential</u>

10    claim of future wage loss damages, they did not, during the discovery period, supplement

11    that placeholder with a computation of claimed future wage loss damages.  And without

12    such supplementation, defendants did not have proper notice that Acosta was pursuing

13    this category of damages, which prevented them from taking relevant discovery.

14         Accordingly, the court concludes that it was proper to exclude Acosta's claim for

15    future wage loss damages, and thus, plaintiffs' motion for reconsideration is DENIED.

16         Defendants have also filed a motion to seal.  <u>See</u> Dkt. 124.  Although defendants

17    style the motion as a "motion to file under seal certain exhibits in support of defendants'

18    opposition," defendants have also filed the entirety of their opposition brief under seal.

19    <u>See</u> Dkt. 124-3.  The court notes that defendants' filing does not comport with Civil Local

20    Rule 79-5(e), which requires a redacted version of the brief to be filed on the public

21    record, nor does it comport with Civil Local Rule 79-5(f), which sets forth a procedure for

22    a "Motion to Consider Whether Another Party's Material Should be Sealed."  The latter

23    rule provides a procedure by which the party claiming confidentiality will file a statement

24    providing reasons why the material should be sealed.

25         In this instance, plaintiffs have filed no such declaration.  The court has reviewed

26    the material for which sealing is sought, and it appears that it consists of employment-

27    related information for which the court has already denied sealing.  <u>See</u> Dkt. 113 at 12.

28    Accordingly, the motion to seal is DENIED.  Defendants are directed to file their

1   opposition brief on the public docket no later than **May 26, 2023**.

2

3       **IT IS SO ORDERED.**

4   Dated:  May 23, 2023

5                                          ____/s/ *Phyllis J. Hamilton*____

6                                          PHYLLIS J. HAMILTON
                                           United States District Judge